IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GARY WROLSTAD,

                        Plaintiff,

v.                                        OPINION & ORDER

CUNA MUTUAL INSURANCE SOCIETY,          15-cv-798-jdp

                        Defendant.

---

On April 4, 2017, the court granted defendant CUNA Mutual Insurance Society's motion for summary judgment, entered judgment in CUNA Mutual's favor, and closed this case. Dkt. 45 and Dkt. 46. Several days later, CUNA Mutual moved for sanctions under Federal Rule of Civil Procedure 11. Dkt. 47. CUNA Mutual wants its reasonable attorney fees and expenses because plaintiff Gary Wrolstad's discrimination claims were frivolous and unsupported, and he should have withdrawn them before the court had to rule on CUNA Mutual's motion for summary judgment.

This is a close call. But one of Wrolstad's claims had minimally arguable merit, so the court will deny the motion for Rule 11 sanctions.

BACKGROUND[1]

CUNA Mutual moved for summary judgment on November 30, 2016. Dkt. 10. On February 6, 2017, shortly after the parties had completed briefing, CUNA Mutual sent Wrolstad's attorney a draft Rule 11 motion. Dkt. 49-1. In a cover letter, CUNA Mutual stated

---

[1] For a more complete recitation of facts, see Dkt. 45.

that Wrolstad's "continued prosecution of his age discrimination claims relating to the elimination of his position and his non-selection for the various other positions violates the provisions of Rule 11(b)(2), (3) and (4), . . . as set forth in the enclosed draft Rule 11 motion." *Id.* at 1. Wrolstad's counsel reviewed her case and the draft Rule 11 motion and decided to voluntarily withdraw four of Wrolstad's discrimination claims. Counsel determined that "there is no reason to proceed on four of the five positions Plaintiff alleged he did not received in this case . . . . We believe there are genuine factual issues for the pension participant support specialist position. Thus, we are not willing to dismiss the age case." Dkt. 49-2.

Because Wrolstad did not withdraw all of his discrimination claims, CUNA Mutual deposed him. In March, after Wrolstad's deposition, CUNA Mutual again asked Wrolstad to drop his claim based on CUNA Mutual's failure to hire Wrolstad as a pension participant support specialist (PPSS). Dkt. 49-3. Wrolstad declined. Dkt. 49-4.

## ANALYSIS

Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

>   (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>   (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

If the court determines that an attorney or a party has violated Rule 11(b), the court may impose sanctions. Fed. R. Civ. P. 11(c)(1). Sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," and the court may award reasonable attorney fees and other expenses "directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

"Under Rule 11, the district court may impose sanctions if a lawsuit is 'not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.'" *CUNA Mut. Ins. Soc'y v. Office & Prof'l Emps. Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) (quoting *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731*, 990 F.2d 957, 963 (7th Cir. 1993)). The court considers whether the accused attorney or party should have known, objectively, that his claims were groundless. *Id.*

Rule 11 sanctions are punitive; they are not designed to reward the prevailing party. "A court should not impose sanctions on a party that loses an argument, as long as the argument was not entirely groundless." *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 917 (7th Cir. 2015). But "deterrence may well include the payment of expenses and attorneys' fees generated as a result of the filing of abusive litigation." *Brandt v. Schal Assocs., Inc.*, 960 F.2d 640, 646 (7th Cir. 1992).

One procedural point before the court takes up CUNA Mutual's accusations. Wrolstad contends that CUNA Mutual did not comply with Rule 11's safe-harbor provisions and that the motion is untimely, both because CUNA Mutual waited too long after the safe-harbor period to file the motion and because it filed the motion only after the court entered judgment. Under Rule 11(c)(2), CUNA Mutual was required to serve its motion for sanctions on Wrolstad and to allow Wrolstad 21 days to withdraw or correct the challenged claims before it filed the motion with the court. After receiving CUNA Mutual's February 6 letter and the draft motion, Wrolstad refused to withdraw all of his discrimination claims, and CUNA Mutual was free to file for sanctions after February 27. Beyond that 21-day safe-harbor period, "Rule 11(c)(1)(A) does not specify any time period when a motion for sanctions must be filed, and we see no need to establish one." *Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1025 (7th Cir. 1999). And Rule 11 does "not justify a broad rule that sanctions cannot be imposed as a result of a motion properly submitted to the court after a judgment." *Id.* The Seventh Circuit has explicitly declined to follow other circuits that have refused to grant motions for sanctions filed only after the court grants a motion for summary judgment. *Id.* at 1026. Instead, "[i]t is well established in this Circuit that 90 days from the date of entry of final judgment represents 'the outer parameters of the timeliness for sanctions claims.'" *Sullivan v. Hunt*, 350 F.3d 664, 666 (7th Cir. 2003) (quoting *Kaplan v. Zenner*, 956 F.2d 149, 151 (7th Cir. 1992)). Rule 11 and the Seventh Circuit require compliance with the 21-day safe-harbor period, and CUNA Mutual so complied. And CUNA Mutual filed its motion well within 90 days of judgment.

Turning to the meat of the motion, CUNA Mutual demands sanctions because Wrolstad's discrimination claims lacked evidentiary support at summary judgment. CUNA Mutual is correct, which is why the court granted summary judgment. But Rule 11 sanctions

4

are not warranted merely because a party loses the case on summary judgment. Sanctions would be warranted only when a party's claims lack even arguable evidentiary support.

That is the case with Wrolstad's claim based on the elimination of his original financial reporting manager position. As the court explained, Wrolstad did not adduce any direct evidence that CUNA Mutual eliminated the position because of Wrolstad's age. He did not adduce any indirect evidence of age-based discrimination, either: "even if he had been meeting CUNA Mutual's expectations (the evidence says otherwise), he has not shown that any similarly situated, substantially younger employees were treated more favorably." Dkt. 45, at 11. Wrolstad had no evidence whatsoever to support his contention that CUNA Mutual eliminated the position because of Wrolstad's age.

Wrolstad does not defend this claim in response to CUNA Mutual's motion for sanctions; Wrolstad denies that he pressed such a claim. According to Wrolstad, he never claimed that CUNA Mutual's decision to eliminate his position violated the ADEA. Wrolstad's amended complaint was ambiguous on this point: both CUNA Mutual and the court believed that Wrolstad claimed that CUNA Mutual's decision to eliminate his position discriminated against him, in addition to its decision not to hire him for the PPSS position. For example, the amended complaint provides that "[a]t all times, Wrolstad was meeting the employer's performance standards," and "CUNA solicited and hired younger individuals and laid off older employees." Dkt. 43, ¶¶ 27, 37. More important, Wrolstad did nothing to disabuse CUNA Mutual (and, in turn, the court) of that notion when the parties briefed summary judgment. In fact, the summary judgment submissions spent a good amount of time discussing Wrolstad's performance in his old position and CUNA Mutual's decision to eliminate it. If Wrolstad did not intend to pursue that claim, he certainly did not make that clear. If Wrolstad had forced

5

CUNA Mutual to move for summary judgment on this claim alone, the court would award Rule 11 sanctions.

But Wrolstad's summary judgment case included a second claim, based on CUNA Mutual's failure to hire Wrolstad into the PPSS position. This claim had minimally arguable merit. Essentially, Wrolstad made out a good prima facie case: he was technically qualified for the position (though *over* qualified), and a much younger individual secured the position. Wrolstad argued that the circumstantial evidence supported an inference of discrimination. Wrolstad was unable to adduce evidence that he and the younger individual were similarly situated, and CUNA Mutual offered a legitimate, non-discriminatory reason for hiring the younger candidate. But just because Wrolstad did not have evidence sufficient to get to a jury does not mean that his claim was frivolous.

The court would be reluctant to impose Rule 11 sanctions on a plaintiff who can make a prima facie case of discrimination, unless, despite that foundation, pressing the case further is plainly frivolous or in bad faith. And there is no evidence of bad faith here: Wrolstad's counsel reasonably withdrew a number of Wrolstad's claims in response to CUNA Mutual's Rule 11 letter. The court recognizes that deciding to abandon the PPSS position claim, and thus giving up Wrolstad's case entirely, would have been a tough decision for Wrolstad's counsel. In a close call like this one, the court will generally give the benefit of the doubt to plaintiff's counsel. Because plaintiff-side counsel in this area generally work on a contingency basis, shifting the cost of litigation to the unsuccessful discrimination plaintiff—more realistically his counsel—would inhibit counsel from taking any but the strongest cases, which is not the purpose of Rule 11. And had counsel abandoned Wrolstad's case in response to the Rule 11 letter, Wrolstad may have fired her, sought a continuance, and perhaps pressed on

with the case pro se (as he has done on appeal). So, at least potentially, both the court and CUNA Mutual benefited from counsel's persistence, because it helped bring the case to a prompt and orderly conclusion. This was not a strong case for plaintiff, but Rule 11 sanctions are not warranted.

ORDER

IT IS ORDERED that defendant CUNA Mutual Insurance Society's motion for imposition of sanctions, Dkt. 47, is DENIED.

Entered July 24, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge